UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN H. GALLE,<br>3006 Kent Road<br>Folcroft, PA 19032<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF GENERAL<br>SERVICES, COMMONWEALTH<br>OF PENNSYLVANIA<br>State Office Building<br>1400 Spring Garden Street<br>Philadelphia, PA 19130,<br>ERNEST KEEN, individually, and in his<br>official capacity as Administrator of the<br>Department of General Services,<br>BILL WADE, individually, and in his<br>official capacity<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)   C.A. NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**I.    NATURE OF THE ACTION**

1.    This action is brought pursuant to the Rehabilitation Act of 1973 as amended (Rehab. Act) to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Brian H. Galle, who was, and continues to be adversely affected by such practices since May of 2000.  Defendant has discriminated, and retaliated against plaintiff, a qualified individual with a disability, by subjecting him to a hostile work environment because of his disability.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to § 794A(a)(1) of the Rehabilitation Act of 1973 as amended. 29 U.S.C. § 706 et seq.

3. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of this Court.

## III. PARTIES

4. Plaintiff, Brian H. Galle, is a resident of Folcroft, PA and has been diagnosed with a disability known as epilepsy.

5. Defendant, Department of General Services, Commonwealth of Pennsylvania (hereinafter "department"), is a state agency receiving federal financial assistance, with a place of business located at 1400 Spring Garden Street, Philadelphia, PA.

6. Defendant, Ernest Keen (hereinafter "Keen") is the Administrator of the Department of General Service, where plaintiff is employed.

7. At all relevant times, defendant, Bill Wade (hereinafter "Wade") was plaintiff's immediate supervisor.

8. At all relevant times, defendants Keen and Wade were acting under color of state law. They are sued both individually and in their official capacities.

9. At all relevant times, defendant had at least 15 employees and has been continually doing business in Pennsylvania.

10. At all relevant times, defendant has been and continues to be a "program or activity receiving federal financial assistance" in that it is "an instrumentality of a state or of a local government."

## IV. STATEMENT OF MATERIAL FACTS

11. At all relevant times, plaintiff has been and continues to be employed as a Clerk I for defendant.

12. In or around May of 2000, plaintiff informed his employer of his disability, epilepsy.

13. On November 30, 2000, while working at his desk, plaintiff experienced a seizure.

14. In or around that same time, defendant Keen reported to the Department of Transportation (PennDOT) that plaintiff suffered a seizure at work and that his driver's license should be reviewed.

15. In April of 2000, plaintiff received correspondence from PennDOT along with medical forms which needed to be completed by his neurologist.

16. Plaintiff complied with PennDOT's request and provided the requested information.

17. In March of 2001, plaintiff's computer was removed from his work area.

18. In May of 2001, plaintiff received a yearly evaluation in which he received a "poor" performance appraisal.

19. On August 2, 2001, plaintiff's job description was changed to reflect that he must "possess a valid driver's license, and be able to drive a van".

20. On August 9, 2001, plaintiff's desk, chairs, heater and other personal belongings were removed from his office.

21. To date, his office furniture has not been returned.

22. In March 2002, plaintiff was detailed to an area of his workplace known as the "penthouse". Plaintiff was relieved of his normal job duties as a Clerk I, and required to prepare state employee I.D. cards.

23. On or about March 25, 2002, plaintiff was subjected to retaliatory harassment by his supervisor, Bill Wade. Specifically, Mr. Wade approached plaintiff and inquired, "I didn't wake you up, did I?"

24. On June 17, 2002, in retaliation for time off requested because of his disability, plaintiff was issued a letter of reprimand by Mr. Keen.

### COUNT I - REHABILITATION ACT OF 1973
### AS AMENDED 29 U.S.C. § 794(a)

25. Plaintiff incorporates paragraphs 1 through 24 of this complaint as though each were set forth in their entirety.

26. As a result of the above-mentioned conduct, defendant has discriminated against plaintiff because of his disability in violation of the Rehabilitation Act as follows:

   a. by refusing to provide plaintiff with office furniture as provided to other non-disabled employees;

   b. by refusing to provide plaintiff with a computer and modem as provided to other employees without disabilities;

   c. by treating plaintiff differently from other employees without disabilities in the terms, conditions, and privileges of his employment;

       d.      by taking away plaintiff's job duties and requiring him to work in the "penthouse", thereby segregating him from other employees; and

       e.      by creating and permitting a hostile, demeaning and discriminatory work environment.

27.    As a result of defendant's unlawful conduct, plaintiff has suffered damages including, but not limited to, mental and emotional distress, humiliation, inconvenience and loss of enjoyment of life.

### COUNT II- Rehabilitation Act Retaliation

28.    Plaintiff incorporates paragraphs 1-27 as though each were set forth in their entirety.

29.    As a result of defendant department's conduct, as alleged above, plaintiff has been subjected to retaliatory harassment because of his disability, in violation of the Rehabilitation Act.

30.    As a result of defendant's retaliatory conduct, plaintiff has suffered, and continues to suffer the damages alleged in paragraph 27 above.

### COUNT III- RIGHT TO PRIVACY
### (42 U.S.C. § 1983, 9th and 14th Amendments of the United States Constitution)
### (Defendant Keen)

31.    Plaintiff incorporates paragraphs 1-30 as though each were set forth in their entirety.

32.    Defendant Keen's conduct, in disclosing plaintiff's disability to PennDot, violates plaintiff's constitutional right to privacy, and his constitutional right to be free from an unreasonable search of his medical records.

33.    As a direct and proximate result of defendant Keen's conduct, plaintiff suffered the damages alleged in paragraph 27 above.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff, Brian H. Galle respectfully requests that this Court enter judgment in his favor and against defendant Department of General Services, Commonwealth of Pennsylvania, and award the following relief:

(1)     A declaration that he has been discriminated and retaliated against on the basis of disability;

(2)     Compensation for the unnecessary use of his sick time necessitated by the hostile work environment that he has been and continues to be subject to;

(3)     Compensatory damages;

(4)     Attorney's fees and costs associated with this action; and

(5)     Any other relief this Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

                            **CENTER FOR DISABILITY LAW AND POLICY**

**BY:**_____
      **STEPHEN S. PENNINGTON, ESQUIRE**
      **JAMIE C. RAY, ESQUIRE**
      **One Penn Center at Suburban Station**
      **1617 J.F.K. Boulevard, Suite 800**
      **Philadelphia, PA 19103**
      **Phone: (215) 557-7112**
      **Attorneys for Plaintiff**

DATED:     August 1, 2002

\\wcbfile\docs\wpdocs\JAMIE C. RAY\GALLE\PLEAD\COMPLAIN.wpd