IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN H. GALLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| DEPARTMENT OF GENERAL SERVICES, | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| et al. | : | NO. 02-4622 |

**CLERK'S TAXATION OF COSTS**

Plaintiff brought this civil action against defendants and judgment was entered in favor of defendants, who filed their bill of costs on May 21, 2003. A telephone conference on the taxing of costs was coordinated by the Clerk of Court on December 7, 2004; participating were Jamie C. Ray, Esquire, representing plaintiff, and Claudia M. Tesoro, Esquire, representing defendants.

It is axiomatic that costs may not be imposed in federal district courts except where they are authorized by either a federal statute or a rule of court. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995). The federal Taxation of Costs statute, 28 U.S.C. §1920, lists those items taxable in the first instance by the Clerk, with a right of appeal to the assigned district court judge. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000). These items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

> "(l) Fees of the clerk or marshal;
> "(2) Fees of the court reporter for all or any part of its stenographic transcript necessarily obtained for use in the case;
> "(3) Fees and disbursements for printing and witnesses;
> "(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> "(5) Docket fees under (28 U.S.C. §1923); (and,)
> "(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)."

The costs sought by defendants are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920. Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of Clerk's Taxations of Costs established by 28 U.S.C. §1920. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Federal Rule of Civil Procedure 54(d)(1) directs that those costs authorized by 28 U.S.C. §1920 "<u>shall</u> be allowed <u>as of course</u> to the prevailing party unless the court otherwise directs" (emphasis added). This language creates a heavy presumption that ***<u>"the 'prevailing party' automatically is entitled to costs"</u>*** as a matter of course, once it has been shown that the costs sought

are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.  Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added).  Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).  This heavy presumption is based on the federal policy that taxation of costs is seen as a ministerial act in civil cases, and is not seen as a penalty against the losing party or parties.  Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).  A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).  Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920.  Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975).  As a result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs.  Pearlstine v. United States, 649 F.2d 194, 198-9 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975).  See, also, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985).

In accordance with this heavy presumption concerning costs pursuant to 28 U.S.C. §1920, there is a recurring theme that the prevailing party may recover such taxable costs that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred,

regardless of whether the items for which costs are sought were actually used.  In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985);  International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  We are satisfied that this standard of necessity has been met in the instant case; moreover, we note that the bill of costs is accompanied by an affidavit from counsel for the prevailing party stating under penalty of perjury that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight with respect to the aforesaid burden of proof in favor regarding the taxation of those types of costs listed in 28 U.S.C. §1920.  Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997).  See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

 Since the costs sought by defendants are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter.  Plaintiff having no objections, and it appearing that the costs sought are, in fact, taxable pursuant to 28 U.S.C. §1920, we tax them in the full requested amount of $1,206.42.

| Date | **MICHAEL E. KUNZ**<br>**CLERK OF COURT** |
|---|---|